UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER FAARUP,

    Plaintiff,

    v.

W.W. TRANSPORT, INC.,

    Defendant.

Case No. 15-cv-114-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant W.W. Transport, Inc.'s response (Doc. 15) to the Court's May 21, 2015, order to show cause why the Court should not remand this case to state court (Doc. 12). In that order, the Court noted that plaintiff Christopher Faarup appears to have pled a cause of action under the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, and W.W. Transport removed the case to federal court. However, pursuant to 28 U.S.C. § 1445(c), workers' compensation claims are non-removable. Faarup has replied to W.W. Transport's response (Doc. 16). The Court further considers in this order the status of motions filed in state court before removal.

**I.    Removal**

Generally, a defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). However, there are certain causes of action that are non-removable regardless of any basis for original federal jurisdiction. *See* 28 U.S.C. § 1445. One of those is "[a] civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c). In determining whether removal of a case is proper, "[t]he party seeking removal has the burden of establishing

federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

    A.    <u>Counts I and II</u>

W.W. Transport first argues that Counts I and II, claims for wrongful discharge in retaliation for filing a workers' compensation claim, are removable claims and will therefore not prevent removal of this case. The Court agrees. The law is clear that a claim of retaliation for the exercise of rights under the IWCA does not arise under the IWCA but under general tort law. Thus, those claims are not non-removable under § 1445(c). *Lingle v. Norge Div. of Magic Chef, Inc.*, 823 F.2d 1031, 1038-39 (7th Cir. 1987) (*en banc*); *see also Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 723-726 (7th Cir. 1994); *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978) (recognizing independent tort of wrongful discharge in retaliation for filing workers' compensation claim). Therefore, if this case is non-removable under § 1445(c), it is because of Counts III and IV, which allege causes of action for refusal to provide workers' compensation benefits.

    B.    <u>Counts III and IV</u>

W.W. Transport argues that the Court should disregard Counts III and IV because Faarup has fraudulently pled those causes of action to avoid removal. It notes that there is no such cause of action in state court for refusal to pay workers' compensation benefits. Instead, the Illinois Workers' Compensation Commission has exclusive jurisdiction to decide whether workers' compensation benefits should be awarded, and Illinois courts are limited to appellate review of those administrative decisions. Faarup maintains that Counts III and IV were properly pled

because W.W. Transport has failed to comply with the IWCA.

A plaintiff may not defeat removal by artfully inserting language in his complaint suggesting a non-removable cause of action where that legal theory does not apply. *See Katz v. Gerardi*, 552 F.3d 558, 560-61 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained:

> [I]t cannot be right to say that a pleader's choice of language always defeats removal. If it did, then [a plaintiff] could have pleaded a breach of contract, or a violation of duties under corporate law, and added: "this is a workers' compensation suit that cannot be removed as a result of 28 U.S.C. § 1445(c)." A pleader cannot block removal by specifying inapplicable legal theories. . . .

*Id.*; *see also Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97, 98 (7th Cir. 1988) (stating a "claim does not arise under the FELA [Federal Employers' Liability Act, another non-removable cause of action,] merely because the plaintiff names that statute in his complaint"; frivolous invocation of non-removable cause of action does not preclude removal).

An inapplicable legal theory is more than just an unsuccessful one; only fraudulently pled theories or causes of actions can be ignored by the Court for removal purposes. An action is not fraudulently pled simply because it has no merit; to be fraudulent, it must be "baseless in law and in fact and serve[] only to frustrate federal jurisdiction." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995) (internal quotations and citations omitted); *see Hammond*, 848 F.2d at 98 (pleading was fraudulent where it was not "remotely sufficient" to state a claim for a non-removable cause of action). For example, in *Williams v. Riverway Co.*, No. 05-cv-710-WDS, 2005 WL 3299372, *1 (S.D. Ill. Dec. 5, 2005), the court found the plaintiff fraudulently pled a cause of action under the Jones Act, another non-removal category of actions, *see* 46 U.S.C. § 30104; 28 U.S.C. § 1445(a), because the plaintiff did not contend the defendant

was his employer or other entity with employer-like control, the only entities potentially liable under the Jones Act, *see* 46 U.S.C. § 30104.  In contrast, in *Gowdy v. Norfolk Southern Railway Co.*, No. 07-cv-365-MJR, 2007 WL 1958592, *6 (S.D. Ill. July 2, 2007), the Court found the plaintiff did not fraudulently plead a cause of action under the FELA, another non-removable category of actions, *see* 28 U.S.C. § 1445(a), because under his complaint there was a possibility that FELA liability might exist.

      Counts III and IV, Faarup's causes of action for refusal to provide workers' compensation benefits, are frivolous because they have no basis in law.  There is no legally authorized civil cause of action for workers' compensation benefits.  On the contrary, the determination of benefits is within the exclusive jurisdiction of the Illinois Workers' Compensation Commission, and Illinois courts are only authorized to exercise appellate review over those decisions.  *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 727 (Ill. 1992) (citing Illinois Industrial Commission, predecessor to the Illinois Workers' Compensation Commission pursuant to 820 ILCS 305/13); 820 ILCS 305/18 ("All questions arising under this Act, if not settled by agreement of the parties interested therein, shall . . . be determined by the Commission."); 820 ILCS 305/19(f)(1) (providing for appellate review by state circuit courts).  Faarup cannot make up a non-existent civil cause of action and slap the label "workers' compensation" on it to avoid removal.  *See Katz*, 552 F.3d at 560-61 (mislabeling of *actual* cause of action will not defeat removal).

      Therefore, since Counts III and IV are "baseless in law . . . and serve[] only to frustrate federal jurisdiction," *Burchett*, 48 F.3d at 176, the Court finds they have been fraudulently pled and will disregard them for the purposes of determining whether removal was proper.  As noted above, in the absence of Counts III and IV, neither Count I nor Count II will prevent removal.

Thus, the Court may exercise removal jurisdiction over this case under 28 U.S.C. § 1441(a) based on original diversity jurisdiction under 28 U.S.C. § 1332(a). Counts III and IV will be dismissed without prejudice to the claim for workers' compensation benefits being brought before the Illinois Workers' Compensation Commission.

**II.     Matters Raised in State Court**

W.W. Transport asks the Court for a ruling on a motion to dismiss it filed in state court prior to removal (Doc. 10). In response, Faarup asks the Court instead to rule on its motion for default judgment, also filed before removal (Doc. 11). The Court will rule on neither of these motions.

As a preliminary matter, when a case is removed, the only documents that should be filed with the federal court are "all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). These documents are clearly not process or orders, and they do not fall within the definition of pleadings set forth in Federal Rule of Civil Procedure 7(a). If a federal court would like more documents from the state case, it may order the removing party to file them in federal court. 28 U.S.C. § 1447(b). This Court has made no such order, and it will not do so because the state court motions are not appropriate in this forum.

They are not appropriate because they rely on state procedural rules and fail to cite and discuss the proper *federal* rules justifying the actions they seek. After a suit is removed from state court, federal procedural rules govern. *Ervin v. OS Restaurant Servs. Inc.*, 632 F.3d 971, 977 (7th Cir. 2011); *Claiborne v. Wisdom,* 414 F.3d 715, 720 (7th Cir. 2005). Thus, a request for dismissal would likely be governed by Federal Rule of Civil Procedure 12(b), and a request for default judgment would be governed by Federal Rule of Civil Procedure 55, neither of which is addressed

by the parties in their state motions. Additionally, in light of the Court's rulings today, parts of the motions may be moot. However, rather than ignoring the issues raised by the motions, the Court will deny W.W. Transport's motion for a ruling (Doc. 10) but will allow the parties another opportunity to bring their issues before the Court, if appropriate, by setting a new deadline for updating those motions citing appropriate federal standards and authority.

### III. Conclusion

For the foregoing reasons, the Court:

- **DISCHARGES** the Court's May 21, 2015, order to show cause (Doc. 12);

- **DISMISSES** Counts III and IV **without prejudice** as fraudulently pled;

- **DENIES** W.W. Transport's motion for a ruling on its state court motion (Doc. 10);

- **ORDERS** that the parties shall have 21 days to update and refile their state court motions, if appropriate, citing appropriate federal standards and authority; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   July 21, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**